UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL T. KACMARIK, | ) | CASE NO. 1:11 CV 2777 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| CUYAHOGA METROPOLITAN HOUSING AUTHORITY, et al., | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

     This action was removed to this court from the Cuyahoga County Court of Common Pleas on December 23, 2011 by defendant United States Department of Housing and Urban Development ("HUD"). Plaintiff, Michael T. Kacmarik, brought this action against HUD and the following defendants: Cuyahoga Metropolitan Housing Authority ("CMHA"), Jeffrey K. Patterson, George Phillips-Oliver, Jetzebel Marquard, Lorrain Grattan, Bernie Innocenzi, and Viola Stradder. The two-page complaint alleges, in the most general terms, that plaintiff was harassed by CMHA property managers Stradder and Marquard, and that "CMHA Housing is not educated in the care of mental health for their mental[ly] disabled tenants." Complaint, p.2.

     Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim, *see*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), or even that a claim over which this court has jurisdiction might exist.

      Accordingly, this case is dismissed.

      IT IS SO ORDERED.

                                        */s/Dan Aaron Polster 1/5/12*
                                        DAN AARON POLSTER
                                        UNITED STATES DISTRICT JUDGE